E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2429
     Facsimile: (213) 894-0141
     E-mail:    nisha.chandran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>HERBERT REDHOLTZ,<br>     aka "badherb51@hotmail.com,"<br><br>           Defendant. | CR No. 22-00433-MCS-1<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S STATUS REPORT |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Nisha Chandran, hereby files this Response to Defendant's Status Report (Dkt. 73).

At the March 4, 2024 suppression hearing, the Court asked the government to address one question: the date on which Microsoft responded to the 2015 email search warrant. (Dkt. 69.) The government answered that question and confirmed that Microsoft produced the email search warrant data on May 22, 2015, attaching the transmittal email from Microsoft, a declaration from DHS-HSI Special Agent Sampson, Agent Sampson's case chronology notes, and the May 21,

2015 declaration of records from Microsoft, all of which supported the May 22, 2015 transmittal date. (Dkt. 72 at 3.) Despite the May 22, 2015 transmittal email, defendant refused to stipulate that the Microsoft email production was produced on May 22, 2015 and filed a brief styled as a status report to argue issues beyond the one question posed by the Court. (Dkt. 73.) Defendant stated that he had served additional discovery requests on the government, asked to submit a status update on March 29, 2024 regarding his additional discovery requests, and requested an evidentiary hearing regarding the additional requests if they were unresolved. (Dkt. 73.)

Defendant's requests should be denied. First, defendant's additional discovery requests are based on speculation and address topics that have already been briefed and argued in connection with defendant's motion to suppress.

For example, defendant speculates that the May 22, 2015 email search warrant production by Microsoft was actually a reproduction of data originally produced on March 19, 2015. (Dkt. 73 at 4-5.) This incorrect speculation underlies defendant's first and second additional discovery requests. But the government has produced to defendant all of Agent Sampson's emails with Microsoft that are in its possession, custody, and control, and there is no evidence to support that the email search warrant data was reproduced. To the contrary, the government has submitted to this Court four sources of information showing that Microsoft produced the email search warrant data on May 22, 2015 and, thus, that Agent Sampson's June 2015 review was within the 60-day review period of the warrant. (See Dkt. 72 (attaching the May 22, 2015 transmittal email from Microsoft with a declaration from Agent Sampson, Agent Sampson's case chronology notes

2

showing receipt of the search warrant data on May 22, 2015, the May 21, 2015 declaration of records from Microsoft certifying that the "attached records" were authentic, and discussing Agent Baker's declaration stating that the emails were produced on or about May 21, 2015).)  Given that it took Microsoft more than a month to produce limited § 2703(d) Order data (see 15-MJ-0072 (issuing § 2703(d) Order on January 20, 2015); Dkt. 72-2 at Ex. B (showing Microsoft's transmittal of § 2703(d) Order data on March 12, 2015)), it defies common sense to suggest that Microsoft would produce more voluminous email search warrant data within two days.  (Compare Dkt. 72-2, Ex. B (transmitting § 2703(d) Order data in 1 "package") with Dkt. 72-2, Ex. D (transmitting email search warrant data in 47 "packages").) Moreover, even if any Microsoft data was produced on March 19, 2015, that data has never been used in this case, was not referenced in any warrant in this case, and is not relevant to the Court's ruling on the motions to suppress.

Similarly, defendant continues to incorrectly insist that the government reviewed Microsoft email content in connection with applying for the 2020 email search warrant, which underlies defendant's third supplemental discovery request.  (Dkt. 73 at 7.) But this issue has already been briefed and argued before this Court. (See Dkt. 61 at 27-28 (explaining that the 2020 warrant does not rely on or discuss any email content and only cites the number of bookmarks); Dkt. 61-1 at ¶ 2 (Agent Baker declaring that he did not review the content of Microsoft's email data before obtaining the 2020 search warrant); Dkt. 64 at 11-12 (defendant's reply brief responding to government's argument and Agent Baker's declaration); Dkt. 69 (argument on motions to suppress, explaining that notation of

the number of bookmarks is akin to agent notes)).  Defendant's late discovery requests on this topic are an improper attempt to re-open and re-litigate these fully briefed arguments.

Second, defendant already represented to the Court at the March 4, 2024 hearing that no evidentiary hearing was needed.  Defendant should not be allowed to delay the Court's ruling based on late discovery requests that are not relevant to the single outstanding question from the Court at the March 4, 2024 hearing.

If the Court were inclined to consider the additional issues raised in defendant's status report or to grant an evidentiary hearing, the government requests an opportunity to object and respond to defendant's arguments.

Dated: March 27, 2024                    Respectfully submitted,

                                          E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

                                               /s/
NISHA CHANDRAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA